CASE CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIM SHANG, | Civil Action No. 16-3450 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| CHARLES GREEN, | |
| Respondent. | |

This matter having been opened by Petitioner's Petition for Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241 (ECF No. 1). As explained below, the Court has screened the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and has determined that the Petition should be dismissed without prejudice as premature.

1. Petitioner's habeas Petition was docketed on June 14, 2016. Although it is not clear from Petitioner's petition, he appears to contend that he is subject to a final order of removal; it is clear from the petition, however, that he has been detained by Immigration and Customs Enforcement ("ICE") since March 10, 2016. (ECF No. 1, Pet. at ¶ 7.)

2. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's

1

jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

3. Here, it appears from Petitioner's petition that he is subject to a final order of removal and has been detained for less than six months. Section 1231(a) requires the Government to detain an alien during the ninety-day removal period following a final order of removal. 8 U.S.C. § 1231(a)(2); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). Removable aliens may be detained beyond that ninety-day period as long as "reasonably necessary" to effectuate the alien's removal. *Zadvydas*, 533 U.S. at 689, 699. In *Zadvydas v. Davis*, the Supreme Court established a period of six months from the date the order of removal becomes final as a presumptively reasonable time in which to effectuate an alien's removal. *Id.* at 701. Under 8 U.S.C. § 1231(a)(1)(B) "[t]he removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) <u>If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.</u> 8 U.S.C.A. § 1231 (West). After the six month period has elapsed, the alien must show that there is "no significant likelihood of removal in the reasonably

foreseeable future" in order to merit habeas relief. *See id.* If the alien makes such a showing, the Government "must respond with evidence sufficient to rebut that showing." *Id.* As explained by the Supreme Court, "[t]his 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[1] *Id. See also Concepcion v. Aviles*, No. CIV.A. 15-2053 SDW, 2015 WL 3794776, at *3 (D.N.J. June 17, 2015).

4. Here, Plaintiff states in his Petition that he was taken into ICE custody on March 10, 2016 upon completion of his sentence for his federal criminal conviction. (ECF No. 1, Pet. at ¶ 16.) As such, Petitioner's removal period began on that date, *see* 8 U.S.C. § 1231(a)(1)(B), and he has been detained for more than three months but less than six months. Petitioner acknowledges that *Zadvydas* has establishes a presumptively reasonable period of six months for the government to effectuate his removal, but he argues that this presumption does not apply to him. (*See* ECF No. 1, Pet. at ¶ 16.) He appears to reason that because the government has been unable to procure travel documents for him within 90 days, it will not be able to do so within six months. (*Id.*) Although that may turn out to be true, Petitioner has not yet been detained for an

---

[1] The Third Circuit has recently clarified what amounts to a reasonable period of detention under § 1226(c). *See Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (2015). In that case, the Third Circuit determined that "beginning sometime after the six-month timeframe considered by *Demore [v. Kim]*, and certainly by the time [a petitioner] ha[s] been detained for one year, the burdens to [the petitioner's] liberty outweigh[] any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478. Thus, while there is no bright line rule as to when a period of detention becomes unreasonable under the circumstances, *see id.* at 474 n. 7, it is clear that this does not occur until the six month mark has been surpassed. *See id.* at 478. Thus, to the extent that Petitioner is not subject to a final order of removal, his detention would not become unreasonable under *Chavez-Alvarez* until the six month mark has passed.

3

unreasonable period of time as determined by *Zadvydas*; as such, his petition is premature. The Court will dismiss this petition without prejudice to the filing of a new petition <u>in a new case</u> in the event that Petitioner's detention does exceed a reasonable period of time.

**IT IS THEREFORE** on this day of June, 2016,

**ORDERED** that the Petition is dismissed without prejudice as premature because Petitioner has not yet been detained for an unreasonable period of time as determined by *Zadvydas*; and it is further

**ORDERED** that Petitioner may file a new Petition in a new case in the event that his detention exceeds a reasonable period of time; and it is further

**ORDERED** that the Clerk of the Court shall mark this case as closed.

_____
Madeline Cox Arleo, District Judge
United States District Court

4